```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

_____
                                      :
RUBEN CANINI,                         :
                                      :
        Petitioner,                   :   Civ. No. 17-1220 (NLH)
                                      :
    v.                                :   OPINION
                                      :
UNITED STATES OF AMERICA,             :
                                      :
        Respondent.                   :
_____:

APPEARANCES:
Ruben Canini
55722054
Fairton
Federal Correctional Institution
P.O. Box 420
Fairton, NJ 08320
    Petitioner Pro se


HILLMAN, District Judge

Petitioner Ruben Canini, a prisoner confined at the Federal Correctional Institution ("FCI") in Fairton, New Jersey, files this writ of habeas corpus under 28 U.S.C. § 2241, arguing that he is actually innocent of a sentencing enhancement.

**Filing Fee**

The filing fee for a petition for writ of habeas corpus is $5.00. Pursuant to Local Civil Rule 54.3(a), the filing fee is required to be paid at the time the petition is presented for filing. Pursuant to Local Civil Rule 81.2(b), whenever a prisoner submits a petition for writ of habeas and seeks to

proceed in forma pauperis, that petitioner must submit (a) an affidavit setting forth information which establishes that the petitioner is unable to pay the fees and costs of the proceedings, and (b) a certification signed by an authorized officer of the institution certifying (1) the amount presently on deposit in the prisoner's prison account and, (2) the greatest amount on deposit in the prisoners institutional account during the six-month period prior to the date of the certification.  If the institutional account of the petitioner exceeds $200, the petitioner shall not be considered eligible to proceed in forma pauperis. L. Civ. R. 81.2(c).

Here, Petitioner did not prepay the $5.00 filing fee for a habeas petition as required by Local Civil Rule 54.3(a), nor did Petitioner submit an application for leave to proceed in forma pauperis.

**Proper Respondent**

Petitioner has named as Respondent the United States of America. Petitioner is informed that, among other things, 28 U.S.C. § 2242 requires the petition for a writ of habeas corpus to allege "the name of the person who has custody over [the petitioner]."  See also 28 U.S.C. § 2243 ("The writ, or order to show cause shall be directed to the person having custody of the person detained.").  "[T]hese provisions contemplate a proceeding against some person who has the immediate custody of

2

the party detained, with the power to produce the body of such party before the court or judge, that he may be liberated if no sufficient reason is shown to the contrary." Wales v. Whitney, 114 U.S. 564, 574 (1885).

> In accord with the statutory language and Wales' immediate custodian rule, longstanding practice confirms that in habeas challenges to present physical confinement—"core challenges"—the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the United States of America or some other remote supervisory official.

Rumsfeld v. Padilla, 542 U.S. 426, 434-436 (2004) (citations omitted). Thus, the warden of the facility where Petitioner is held is an indispensable party respondent, for want of whose presence the Petition may not proceed. See Yi, 24 F.3d at 507.

CONCLUSION

For the reasons set forth above, the Clerk of the Court will be ordered to administratively terminate this action without prejudice.[1] Petitioner will be granted leave to apply to re-open within 45 days, by either prepaying the filing fee or submitting

---

[1] Such an administrative termination is not a "dismissal" for purposes of the statute of limitations, and if the case is re-opened pursuant to the terms of the accompanying Order, it is not subject to the statute of limitations time bar if it was originally submitted timely. See Houston v. Lack, 487 U.S. 266 (1988) (prisoner mailbox rule); Papotto v. Hartford Life & Acc. Ins. Co., 731 F.3d 265, 275-76 (3d Cir. 2013) (collecting cases and explaining that a District Court retains jurisdiction over, and can re-open, administratively closed cases).

a complete application for leave to proceed in forma pauperis and also submitting an amended petition with the proper respondent.

    An appropriate Order will be entered.

Dated: March 20, 2017          s/ Noel L. Hillman
At Camden, New Jersey         NOEL L. HILLMAN, U.S.D.J.