```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

_____
                                   :
RUBEN CANINI,                      :
                                   :
        Petitioner,                :    Civ. No. 17-1220 (NLH)
                                   :
    v.                             :    OPINION
                                   :
UNITED STATES OF AMERICA,          :
et al.,                            :
                                   :
        Respondents.               :
_____:

APPEARANCES:
Ruben Canini
55722054
Fairton
Federal Correctional Institution
P.O. Box 420
Fairton, NJ 08320
    Petitioner Pro se


HILLMAN, District Judge

    Petitioner Ruben Canini, a prisoner confined at the Federal Correctional Institution ("FCI") in Fairton, New Jersey, filed this writ of habeas corpus under 28 U.S.C. § 2241, challenging a sentencing enhancement. (ECF No. 1). At this time, the Court will review the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases, (amended Dec. 1, 2004), made applicable to § 2241 petitions through Rule 1(b) of the Habeas

Rules. See also 28 U.S.C. § 2243. For the reasons set forth below, the Petition will be dismissed.[1]

I. **BACKGROUND**

The United States District Court for the Southern District of New York summarized the procedural history of Petitioner's criminal case as follows:

> On June 15, 2006, Canini was convicted by a jury of one count of conspiracy to distribute one kilogram of heroin and two counts of distributing and possessing with intent to distribute heroin. He has been quite diligent in attacking his conviction. After trial, he moved for a judgment of acquittal and a new trial on the grounds that there was insufficient evidence to convict him and that the testimony of two cooperating witnesses should be disregarded as inconsistent. The Court denied these motions. Thereafter, Canini was sentenced to 240 months of incarceration. On January 22, 2009, the Second Circuit affirmed Canini's conviction.
>
> Canini then commenced a series of attacks on his conviction. On May 14, 2010, Canini filed a 28 U.S.C. § 2255 petition, seeking to vacate his sentence because of ineffective assistance of counsel, which the Court denied on March 12, 2012. The Court also denied Canini's motion to amend his section 2255 petition, finding that amendment would be futile because the claim, even as amended, failed on the merits. On September 25, 2013, Canini filed a second 2255 petition, arguing that the Court's jury instruction regarding conspiracy denied him due process of law, and that his Sixth

---

[1] The Court initially administratively terminated this case for failure to submit the filing fee and to name a proper respondent. (ECF Nos. 2, 3.) Petitioner thereafter submitted the filing fee and requested to amend the Petition to name the Warden as respondent. (ECF No. 4.)

2

> Amendment right to a jury trial was violated because the Court calculated his offense level based on facts not found by the jury in violation of Alleyne v. U.S., 133 S.Ct. 2151 (2013). The Court transferred this motion to the Second Circuit pursuant to 28 U.S.C. § 1631, because the Court lacked jurisdiction over Canini's successive petition. The Second Circuit denied the petition because Canini did not file the application within the specified time frame.

Canini v. United States, No. 04-283, 2015 WL 4509684, at *1 (S.D.N.Y. July 24, 2015) (internal citations omitted). Petitioner then filed a Petition for a Writ of Coram Nobis/Writ of Audita Querela, which was denied by the district court in 2015. Id. Petitioner also states that he filed a motion for a reduction in sentence pursuant to Amendment 782, which was denied on April 27, 2016. (Pet. 4.) He further states that on June 28, 2016, he filed a second 2255 motion pursuant to United States v. Johnson, 135 S. Ct. 2551 (2015), which was still pending at the time he filed this matter.

In January 2017, Petitioner filed the instant Petition. (ECF No. 1.) Petitioner argues that "he is actually innocent of Title 21 U.S.C. § 851 because it relied upon a prior New York State felony drug conviction for Attempt Criminal Sale of a Controlled. Substance in the Third Degree that was replaced by a youthful offender finding pursuant to New York Criminal Procedural law Section 720.20(3)(establishing the procedures for a youthful offender determination)." (Pet. 1.)

3

**II. DISCUSSION**

**A. Legal Standard**

With respect to screening the instant habeas petition, 28 U.S.C. § 2243 provides in relevant part:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

As Petitioner is proceeding pro se, his petition is held to less stringent standards than those pleadings drafted by lawyers. See Rainey v. Varner, 603 F.3d 189, 198 (3d Cir. 2010) ("It is the policy of the courts to give a liberal construction to pro se habeas petitions") (internal quotation marks and citation omitted). Nevertheless, "a district court is authorized to dismiss a [habeas] petition summarily when it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court[.]" Lonchar v. Thomas, 517 U.S. 314, 320 (1996).

**B. Analysis**

Petitioner is seeking to have this Court review the judgment of conviction and sentence entered by the Southern District of New York in these habeas proceedings. Generally, a

challenge to the validity of a federal conviction or sentence must be brought under 28 U.S.C. § 2255. See Jackman v. Shartle, 535 F. App'x 87, 88 (3d Cir. 2013) (citing Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002)). This is true because § 2255 prohibits a district court from entertaining a challenge to a prisoner's federal sentence through § 2241 unless the remedy under § 2255 is "inadequate or ineffective." See 28 U.S.C. § 2255(e). Indeed, § 2255(e) states that:

> [a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such a court has denied him relief, unless it also appears that the remedy by the motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). A § 2255 motion is "inadequate or ineffective," which permits a petitioner to resort to a § 2241 petition, "only where the petitioner demonstrates that some limitation or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (citations omitted). However, "[s]ection 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of

5

limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of ... § 2255." Cradle, 290 F.3d at 539 (citations omitted). "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." Id. at 538 (citation omitted). "The provision exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements." Id. at 539 (citing In re Dorsainvil, 119 F.3d 245, 251-52 (3d Cir. 1997)).

In Dorsainvil, the Third Circuit held that the remedy provided by § 2255 is "inadequate or ineffective," permitting resort to § 2241, where a prisoner who previously had filed a § 2255 motion on other grounds "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate[.]" 119 F.3d at 251. Nevertheless, the Third Circuit emphasized that its holding was not suggesting that a § 2255 motion was "inadequate or ineffective" merely because a petitioner is unable to meet the strict gatekeeping requirements of § 2255. See id. The "safety valve," as stated in Dorsainvil, is a narrow one and has been held to apply in situations where the prisoner has had no prior opportunity to challenge his conviction for a crime later deemed to be non-criminal by an intervening change in the law. See Okereke, 307 F.3d at 120 (citing Dorsainvil, 119 F.3d at 251).

Here, Petitioner does not allege facts which bring him within the Dorsainvil exception. His claims do not allege that he had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate. Instead, he relies on a 2006 Third Circuit case, United States v. Huggins, 467 F.3d 359, to argue that "because his prior New York State Attempt Criminal Sale of a Controlled Substance Offense, was designated under the Youthful Offender Act, and petitioner was adjudicated as such under Juvenile proceedings it cannot qualify as a prior final conviction under Section 841 (b)(1) [and he is therefore] actually innocent of the statute 21 U.S.C. § 851 enhancement." (Pet. 5.) However, the Third Circuit has not extended the Dorsainvil exception to include situations where a prisoner is challenging a sentencing enhancement. See Murray v. Kirby, No. 17-3585, 2017 WL 2426861, at *2 (D.N.J. June 5, 2017) (collecting cases). Moreover, Petitioner had many previous opportunities to challenge his conviction on the basis of the Huggins decision. That decision was issued in October 2006, while Petitioner's case was still on direct appeal, and substantially before all of his various collateral attacks on his sentence.

Accordingly, this Court lacks jurisdiction to consider the instant habeas Petition. Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the

7

interests of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed." 28 U.S.C. § 1631. As discussed above, Petitioner has already filed a § 2255, and therefore he must receive authorization from the Second Circuit before filing another one. See 28 U.S.C. § 2255(h). Because it appears that any such § 2255 petition would be time barred, this Court finds that it is not in the interest of justice to transfer the Petition to the Second Circuit for its consideration as a request to file a second or successive § 2255 motion.[2]

**III. CONCLUSION**

For the foregoing reasons, the Petition will be summarily dismissed due to a lack of jurisdiction. An appropriate order follows.


Dated: July 6, 2017                    s/ Noel L. Hillman
At Camden, New Jersey                  NOEL L. HILLMAN, U.S.D.J.

---

[2] The Court's decision not to transfer the instant Petition does not preclude Petitioner from filing a request with the Second Circuit on his own.

8